

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ANDREW J. LUCAS
Fax:  (212) 356-3509
alucas@law.nyc.gov

December 15, 2015

**By ECF**
Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

        Re:  <u>Alex Gerskovich v. City of New York, et al.</u>,
              15 CV 7280 (RMB) (DCF)

Your Honor:

      I am Senior Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing Defendant City of New York in the above-referenced civil rights matter.  Defendant submits this pre-motion letter per the Court's individual practices, § 2(A), to request leave to file a motion to dismiss under Fed. R. Civ. P. 12(b).

      Plaintiff alleges that on the morning of September 17, 2012, plaintiff was arrested while standing outside a commercial building on Water Street while participating in events related to the one-year anniversary of Occupy Wall Street ("OWS").  (Pl.'s Compl., at ¶2.) Plaintiff claims that Defendant Captain Mark Iocco, and other defendants detained him and demanded that he produce a press pass. (Pl.'s Compl., at ¶2.)  Plaintiff claims that Defendant Captain Mark Iocco and others aggressively grabbed Plaintiff, shoved his body against a wall and placed him under arrest. (Pl.'s Compl., at ¶2.)  Plaintiff brings four federal claims:  false arrest; excessive force; failure to intervene; and for municipal liability under Monell.[1]

      Defendant seeks leave to move to dismiss plaintiff's false arrest and prosecution claims as plaintiff has not set forth a plausible claim; probable cause, or arguable probable cause, existed for plaintiff's arrest; plaintiff does not raise a colorable claim for excessive force; plaintiff fails to adequately state a claim under <u>Monell</u>; and plaintiff's vague failure to intervene claim also fails.

---

[1] Plaintiff has generally referenced the First Amendment alongside other constitutional amendments in his first cause of action, but without clarifying whether he intends to press a claim in that regard.  Defendant intends to move to dismiss that claim to the extent it is being asserted.

Plaintiff has declined to provide any facts that indicate that his arrest was improper. He has provided facts that indicate that during the anniversary for Occupy Wall Street, he was arrested while police officers were clearing up activity taking place in the lobby of a commercial building. Plaintiff states that he was trying to photograph police officers while they cleared the area, and arrested plaintiff after they asked him to produce a press pass. Plaintiff has not denied, and cannot in good faith deny, that officers issued dispersal orders.

In order to state a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); see also Hart v. City of New York, No. 11 CV 4678 (RA), 2013 WL 6139648, at *3 (S.D.N.Y. Nov. 18, 2013). [2]

The existence of probable cause constitutes justification and is a complete defense to a claim of false arrest and imprisonment. Hyde v. Caputo, 2001 U.S. Dist. Lexis 6253, (E.D.N.Y. 2001); citing Covington v. City of New York, 171 F.3d 117, 112 (2d Cir. 1999). Where there is probable cause to arrest for any offense, charged or not, a false arrest claim is subject to dismissal. Marcavage v. City of New York, 689 F.3d 98, 110 (2d Cir. 2012); citing Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006); see also Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004); Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007). "Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been, or is being committed by the person to be arrested." Dunaway v. New York, 442 U.S. 200, 208 (1979). Further, even if arguendo, plaintiffs were falsely arrested, plaintiffs have failed to plausibly plead facts to suggest that several of the named defendants were personally involved in their arrests. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004). Plaintiff attempts to name several police officers who were not personally involved or responsible for his arrest.

Even if probable cause is lacking, plaintiff's claims must be dismissed if the defendants are entitled to qualified immunity. A police officer is entitled to qualified immunity from a claim for arrest without probable cause if: (1) it was objectively reasonable for the officer to believe that probable cause existed; or (2) officers of reasonable competence could disagree on whether there was probable cause. Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (citations omitted). "An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances." Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995). The Supreme Court has noted "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

---

[2] Although not formally plead in the Complaint as a claim, plaintiffs make reference to the First Amendment. To the extent plaintiffs intend to pursue such a claim, defendant notes that the complaint is devoid of any sufficient facts for a First Amendment claim to survive.

Plaintiff's excessive force claims must be dismissed as plaintiff fails to present a Constitutional claim. Plaintiff pleads that he was us against a wall and handcuffed. Plaintiff does not claim that his arrest resulted in any physical injuries. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham v. Connor, 490 U.S. 397; citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). The Second Circuit has been clear that minimal injuries also speak to the reasonableness of force used. Tracy v. Freshwater, 623 F.3d. 90, 97 (2d Cir. 2010) (Striking multiple times with a metal flashlight in the course of a hand-to-hand struggle is subject to qualified immunity, even where plaintiff claims he was not resisting).

As to the Monell claim: As noted above, plaintiffs' inability to plausibly allege that the arrests were not justified by their behavior is fatal to their Monell claims. In addition, plaintiffs' allegations that the City of New York continues a policy, procedure, customs, or practice of commanding or condoning wrongful arrests as it relates to protestors is too conclusory, vague and formulaic to meet the Iqbal plausibility standard or the Monell scienter/actual involvement standards. Plaintiffs' claim for municipal liability fails as they have not identified any policy or practice that is even arguably the moving force behind an alleged constitutional violation. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). Moreover, plaintiffs' Monell claim fails to allege sufficient facts to plausibly show: a. that Chief defendants had final policymaking authority as to any particular policy; b. that any alleged custom or practice was so widespread as to be a equivalent to such a policy; or c. that defendants acted with deliberate indifference to the rights of persons participating in demonstrations. City of Canton v. Harris, 489 U.S. 378 (1989). Plaintiffs have also failed to plausibly allege that there was a failure to sufficiently train officers as to First Amendment activity or disorderly conduct statues. As plaintiff should be aware, "[t]he simple recitation that there was a failure to train municipal employees . . . does not suffice to allege that a municipal custom or policy caused the plaintiff's injury in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). Conclusory allegations of a failure to train are insufficient and would result in plaintiffs' Monell claim being dismissed.

Based on the foregoing, defendant believes that the claims set forth in the Complaint fail to state a claim upon which relief may be granted and intend to move pursuant to Rule 12 of the Federal Rules of Civil Procedure due to these deficiencies. Defendant requests a conference before the Court to discuss the issues raised in this letter, or alternatively a briefing schedule to fully present the parties positions. Defendants further note, as discussed above, that deferred briefing may be appropriate to allow plaintiff to resolve any service issues. Thank you for your consideration.

Defendant thanks the Court for its consideration of this request.

Sincerely,

_____
Andrew Lucas
Joy Anakhu
*Senior Counsel*
Special Federal Litigation Division