# WYLIE M. STECKLOW
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
DAVE@SCTLAW.NYC

December 18, 2015

**By ECF**
Honorable Judge Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Gerskovich v. The City of New York, et al., 15 CV 7280 (RMB)(DCF)

Dear Honorable Judge Berman:

      I write on behalf of the plaintiff in the above-captioned action. Pursuant to this Court's individual rule 2.A, this is a pre-motion letter, requesting leave to submit a motion seeking, *inter alia*, an extension of time to serve two of the individual defendants in the above-captioned action. Yesterday, I requested the defendants' consent to this motion by email. I have been informed that the New York City Law Department takes no position in this request as they do not currently represent these two un-served defendants

      The original complaint in this action was filed on September 15, 2015. All of the named defendants in that complaint were served on or before September 24, 2015. As far as I am aware, there is no dispute as to the efficacy of service. There were three defendants identified by badge numbers worn on their police issued helmets. Of these three, one officer was identified since he was a defendant in an unrelated case, and had been identified in that case by name and badge number. However, Defendants 719 and 2635 have not yet been identified by name, and therefore, plaintiff's counsel cannot locate their current assignment and effectuate service. As of today only these two officers remain to be served and no answer has been submitted.

      At the time the complaint was filed, the time to serve under the federal rules was 120 days. Effective December 1, 2015, the period for service is now 90 days. I am not aware of case law stating whether the amendment of Rule 4 applies to pending cases, or is applicable only to cases filed on or after December 1st. Item 2 in the Order of the Supreme Court implementing the rule changes admits for doubt on this point. (See http://www.supremecourt.gov/orders/courtorders/frcv15_5h25.pdf, page 3). For the avoidance of such doubt, the plaintiff respectfully requests that the Court issue the Order requested. If the 90 day period were applicable, the deadline for service would be earlier this week. If the 120 day period for service were applicable, the deadline for service would be January 15, 2016. The plaintiff has not previously requested any extension of time. The Initial Conference in this case is set for January 19, 2016 at 10:30 AM.

      I have had numerous conversations and communications with attorneys with the New York City Law Department in an attempt to identify these officers. In order to obtain their

1

business address for personal service, I need their name and badge number, having just one of these two identifying pieces of information is insufficient and the Verifications office at the NYPD will not provide the location where the defendant may be served without both a name and badge number.

On December 2, 1015, I sent a letter to counsel for the defendants seeking the officers' names corresponding to the badge numbers. Subsequently, I had verbal communications with another attorney for the New York City Law Department, and shared identifying photographs of these officers with the helmets on and these numbers clearly visible (See Exhibit A attached hereto). I had asked for the City Law Department to identify these officers in a time certain so that I could effectuate service within the time constraints of the FRCP. To date, I have not been provided any names for these officers.

With the foregoing background in mind, the plaintiff respectfully requests leave to submit a motion seeking the following relief:

1) that the Court direct the defendant City of New York to provide the name and business address for Defendant Police Officers 719 and 2635; and

2) that the Court issue an Order extending the plaintiff's time to serve these three individuals until 30 days after the City of New York provides the information in item 1.

Although this is the Plaintiff's first request for this extension, Plaintiff Luke Richardson made a similar request earlier this week in an unrelated matter, Richardson v. City of New York, 15CV5775. Judge Castel granted the request relief sought in the letter (see Exhibit B, the order).

Respectfully submitted,

Wylie M. Stecklow