# WYLIE M. STECKLOW
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:   (212) 566-8000
FAX:   (212) 202-4952
WYLIE@SCTLAW.NYC

January 25, 2106

**VIA ECF**
Hon. Judge Debra Freeman
Southern District of New York
500 Pearl Street
New York, NY  10007

Attn:   Senior Counsel Andrew Lucas, Room 3-168

Re: Gershkovich v. Iocco Et al 15CV7280 (RMB)(DCF)

Dear Honorable Judge:

Please accept his correspondence as an update to the above referenced litigation as requested by your order, Docket # 44. Unfortunately, after a few communications and drafts between counsel, this letter is NOT being submitted as a joint letter. Both sides appeared before Hon. Judge Berman on January 19, 2016. At this conference, Plaintiff believes the court (i) granted defendant's request to set a motion schedule for the Defendants' proposed FRCP12(b)(6) motion; (ii) denied the defendant's request to stay discovery; and (iii) denied the Defendants' further request to sever Monell discovery from the other discovery.

On January 7, 2016, your Honor set a schedule for (i) auto disclosures to be produced by each side on or about January 19, 2016; and (ii) paper discovery demands to be served by each side by January 26, 2016. In the morning of January 15, 2016, Plaintiff hand-delivered his auto-disclosures on the City at 100 Church Street including seventeen (17) pages of documents, ninety-five (95) photographic images (on a disc) and six (6) videos (on a disc). Four days later, at the conference on January 19, 2016, the City attorney relayed that he had not yet received the auto-disclosures via the City intra-office mail and that the City auto disclosures would be served that evening if the Court did not stay discovery. The Defendants state that they sent out auto-disclosures via mail

last week, but as of this writing, the auto-disclosures have not been received by the Plaintiff.

Plaintiff believes that a review of the Defendants' auto disclosures are necessary before service of Plaintiff's paper discovery demands should be due. Based upon the prior discovery schedule, Plaintiff requests:

(i)  that the deadline for service of the plaintiff's paper discovery demands be extended until one-week from the date the auto disclosures of the City are received in his counsel's office; and

(ii) that the Court issue an Order directing the defendants to abide by the discovery schedule set by the Court during the January 7, 2016, phone conference.

Defendants, earlier today, asked Plaintiff to consent to a one-week extension for their discovery demands to be served. Plaintiff does not consent to this request since his auto-disclosures were served, by hand, on the defendants on January 15, 2016, and believes the Defendants' current position is attributable to a strategy of delay.

As to the prospects for settlement, on or about January 11, 2016, the City served, by hand, a Rule 68 offer of settlement in the amount of $12,500.00 plus reasonable attorney fees. This offer was not accepted. Plaintiff remains ready, willing and able to discuss settlement. Since the last settlement discussion, Plaintiff has located and identified many more high-resolution photo images of the protest inside the JP Morgan Chase Building (that were turned over as part of his auto-disclosures). Numerous faces and individuals can be clearly seen in these images. Within these high-res images, Mr. Gershkovich is not inside the lobby of this building.

Counsel for both parties sought to meet and confer concerning this letter. Unfortunately, after two drafts of the letter, five emails, a twenty-minute phone conversation, and the better part of this work-day, the parties are not in agreement on multiple issues within this letter.

I remain,

Very truly yours,

Wylie M. Stecklow

cc: ACC Andrew Lucas (Via ECF)