# WYLIE M. STECKLOW
## STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:  (212) 566-8000
FAX:  (212) 202-4952
WYLIE@SCTLAW.NYC

April 12, 2106

**VIA ECF**
Hon. Judge Debra Freeman
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Gershkovich v. Iocco Et al 15CV7280 (RMB)(DCF)

Dear Honorable Judge:

Please accept this correspondence as an update to the outstanding discovery dispute as discussed during the conference call with your Honor on April 1, 2016. Since that call, I have submitted a subpoena for the court's signature via ECF. I have also recently submitted the same subpoena as an attorney subpoena to counsel for the defendants and later today will be serving it on the District Attorney of New York ("DANY").

    A.    Meet & Confer (Pursuant to Individual Rule IC)

April 1: Conference call between counsel and the court.

April 4: Multiple emails between parties. Defense had two requests, (a) setting Plaintiff deposition date and (b) to receive a copy of the underlying criminal complaint. The Defense also reconfirmed that their prior responses to Interrogatories 11, 14 & 15 were complete. Plaintiff replied by email (a) attaching the criminal complaint (that had previously been turned over as part of Plaintiff's auto-disclosures) and (b) set out multiple discovery disputes that required further discussion to satisfy meet and confer obligations. These issue included: (i) 30(b)(6) notice topics to agree upon and if IOCCO is to be identified as 30(b)(6) for any topics, this this designation occur sufficiently before the date of his deposition, (ii) update on the identity of Sergeant John Doe African American Sergeant, (iii) update on the deposition date for arresting officer PO Russell, (iv) providing a list of prior lawsuits for all named parties, (v) a continued objection to interrogatory responses 11, 14, 15.

1

April 5: Plaintiff emails twice and leaves two voicemails for Defense counsel.

April 6: Counsel had a phone call regarding outstanding discovery issues, the possibility of submitting a joint discovery dispute letter by the end of the day, and discussed possible deposition dates for Plaintiff (April 26, 2016 was confirmed as Plaintiff's deposition date by end of day). Later that day, Plaintiff sent a draft discovery dispute letter to Defense seeking consent to file the letter with the court by the end of the day. Defense responded that no discovery letter was due to the court, and that they would contact Plaintiff counsel in "one week to further our discussion about these discovery issues and potential 30(b)(6) witnesses." Plaintiff sent back an edited proposed discovery dispute letter that (i) restricted the issues on consent to the interrogatories 14 & 15, (ii) set out other issues that were still being discussed between parties (30(b)(6) and others), and (iii) identified an issue Plaintiff believed should be heard by the court (redaction of witness names). Plaintiff counsel called and emailed multiple times seeking consent to file the letter.

April 7: Plaintiff emailed and left a voicemail for Defense counsel. Defense replied via email that their position remained that a discovery dispute letter to the court was premature.

Plaintiff submits this letter unilaterally without consent of all parties. Wednesday April 13, one week from the date Defense had promised to have a further response is the full day deposition of lead defendant Captain Mark Iocco. Later today, all parties will appear before the Honorable Judge Berman concerning the pre-motion conference for the second FRCP 12(b)(6) motion the Defendants seek to file.

Due to the discovery issues that remain open, Plaintiff does not believe that the current discovery deadline of April 30, 2016,[1] is sufficient, and believes a two-week extension, at minimum, will be needed from the date the City identifies FRCP 30(b)(6) witnesses.

B.  **Issues Ripe for Judicial Intervention**

1.  ***Interrogatories # 14 & 15:***

    INTERROGATORY NO. 14:  In regards to the announcement,

---

[1] During the conference call with the Court on April 1, 2016, the Court extended the discovery cut-off from April 19, 2016 to April 30, 2016, without request of the parties. Plaintiff's counsel will be out of the office April 27-May 3, 2016.

2

"YOU MUST LEAVE THE BUILDING OR YOU'LL BE ARRESTED FOR TRESPASSING," alleged in the criminal complaint filed against the plaintiff, please identify:
   a. the individual who made the announcement;
   b. the number of times this announcement was made;
   c. the exact time each of these announcements were made;
   d. whether the language quoted above was the exact wording of the full announcement, if not, please state the actual wording;
   e. in what manner each of these announcements were made;
   f. whether any of the announcements were amplified or magnified in volume, and if so, how;
   g. whether an officer or other individual stood a distance away from the individual making the announcement close to those involved in the protest to determine if the announcement was audible by some or all of the protesters, and if so, identify this individual.

RESPONSE:
Defendants object to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 15:
If an announcement was made that informed the public that their right to be in the commercial lobby was revoked, then please state how much time was provided for individuals at which the announcement was directed to comply.

RESPONSE:
In addition to the General Objections defendants object to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts not established calls for a legal opinion, and to the extent that the information sought is publicly available and, thus, equally available to all parties.

ISSUE: During the meet and confer, the parties discussed this response and have reached an impasse. The defense believes this information is either not under their domain (as the announcements were made by individuals not employed by the NYPD) or better left to deposition of NYPD witnesses. Plaintiff asserts this information is within the City's control since the criminal complaint underlying this arrest and prosecution of plaintiff (that underlies this entire litigation) sets out: (i) an announcement inside 4 New York Plaza, (ii) that the plaintiff was inside, (iii) heard the announcement, (iv) ignored it, and

(v) was arrested. If there was no announcement, then that answer should be provided. If there was an announcement, then the information requested via these two interrogatories is relevant and valid. The defendants should be required to take a position.

2. ***Redacting of witness names.*** Defendants have produced Mass Arrest Report documents identified as bate stamp #: D585-586 (Attached as Exhibit 1). These documents identify intake # 51, 52, 53, 54, 56, 57, 58, 60 & 62 as the individuals arrested inside and just outside of 4 New York Plaza (Plaintiff is identified as #57). Identifying information for these individuals is fully redacted. These individuals are witnesses in this matter but the NYC Law Department believes that they cannot disclose that information due to CPL 160.50. Plaintiff disagrees. Initially, the names are not protected by CPL 160.50 unless the criminal action was terminated in favor of that defendant. It is unclear whether eight (8) of these nine (9) individuals had their charges terminated in their favor. We do know that plaintiff (#57) did have his charges terminated in his favor. Furthermore, courts in the SDNY have ordered unredacted production of criminal court information when it is relevant and necessary. The "New York State law does not govern discoverability and confidentiality in federal civil rights actions." *Howard v. City of New York,* 2013 U.S. Dist. LEXIS 6861 (S.D.N.Y. 2013)(Furman, J.)(collecting cases). As Judge Furman noted, "the privilege created by Section 160.50 must be construed narrowly, and must yield when outweighed by a federal interest in presenting relevant information to trier of fact… Applying that balancing test, 'federal courts … have commonly rejected confidentiality arguments premised on [Section 160.50]." *Howard,* 2013 U.S. Dist. LEXIS 6861, *5 (inernal citations omitted). Plaintiff believes that the balance here favors identifying these witnesses for the Plaintiff. To date, the Defense has identified very few witnesses and produced minimal documents specifically relevant to the arrest and prosecution of Plaintiff.

C.   Discovery Responses to Be Produced

    1.   ***Prior lawsuits:*** The defense agrees that this is discoverable and continues to work on producing this information. Defendant IOCCO will be deposed on April 13, 2016. As of the filing of this letter, such information has not yet been produced.

4

*2.*   ***Deposition dates:***

    a. PO Russell will be represented by NYC Law Department and will provide availability for depositions. Plaintiff's counsel has depositions scheduled on the following dates before the end of discovery: April 13, 19, 21, 22 (2), 26.

    b. John Doe African American Sergeant: The NYC Law Department has a lead on who this may be and will provide an update when available.

    c. Plaintiff will be deposed on April 26, 2016.

D.    Discovery Responses being reviewed by Defendants

***FRCP 30(b)(6) deposition notice*** was served on or about March 15, 2016 (Attached as exhibit 2). The parties discussed the notice. The NYC Law Department has stated they will respond by April 13, 2016. Plaintiff notes that if Defendant IOCCO is designated as a 30(b)(6) witness today, it will be one day prior to his deposition which is insufficient notice. Therefore, Plaintiff seeks an order that the April 13, 2016 deposition be solely as a fact witness, and if a 30(b)(6) designation is made, the witness be produced for a second date (and the hard costs of the deposition should be assessed against the City).

***Parts 1 & 3:*** (related to facts of incidents) It should be easy for Defense to identify a police officer as the 30(b)(6) witness, likely one of the defendants.

***Part 2:*** (affirmative defenses) Both sides agree that this subpart (concerns a witness to testify to the facts and circumstances upon which the defendants base their affirmative defenses) will have to be held in abeyance pending the anticipated FRCP12(b)(6) motion being fully briefed, decided, and thereafter, assuming the case survives and the defense files a responsive pleading with affirmative defenses, this will be explored.

***Part 4:*** (Identification of witnesses, documents and document custodians). If the NYC Law Department decides to produce / identify witness for subpart 4, it is likely to be Defendant IOCCO for *subparts d, f, i, j, k.*
For *sub-part b,* if IOCCO is identified as the incident commander, this will be vitiated.
***Subparts a, c, e.*** Identification of deployment of MOS at location (a), police units at location (c), and MOS involved in arrest and processing of plaintiff (e). Defendants do not believe they can produce a single witness with this information. Plaintiff believes that the defendant is tasked with identifying an individual (or multiple individuals) and to educate the witness with sufficient information to testify fully on these subparts.

5

*Subpart g.*     Video – the defendants have produced TARU job paperwork (D539-552) indicating many videos exist from TARU. Defense counsel has not reviewed the video but is presumably relying upon representations of NYPD TARU that no TARU video exists relevant to this incident. In two prior cases, *Laugier* 13CV6171(JMF)(JCF) *and Wiles* 13CV2898 (HB), my office was informed by TARU (via NYC Law Department) that the all relevant video had been produced by the NYPD. However, in both of those cases, subsequent to those representations, while watching relevant TARU video that had been produced, my partner observed and identified TARU officers with video cameras creating relevant video that had not been produced. After some letter writing, additional relevant TARU video was produced in both of those cases. Based on these two experiences, plaintiff requests that either a 30(b)(6) witness be produced concerning videos or that an attorney file a sworn affidavit that (i) they have viewed the TARU video identified by the job reports produced (D539-552) and (ii) there is no relevant video to the incident inside and just outside 4 New York Plaza. Representation by the NYPD is not sufficient based on prior experience.

*Part 5[2]:*     Policies and Practices of the City of New York. During the meet and confer, Plaintiff understood that though no definitive answer was being provided by the NYC Law Department, its possible that they will inquire as to whether there is a training officer that can be identified in satisfaction of this part.

D. Notice to produce District Attorney Files: Pursuant to our conference call of April 1, 2016, plaintiff has undertaken two fronts to resolve this issue. Initially, I drafted and submitted a subpoena to this court to sign (and have now submitted it as an attorney subpoena to the DA's office). Please see docket #: 64. Additionally, pursuant to research undertaken, I attach a letter concerning case law on this issue (Attached as Exhibit 3). I believe the cases cited in Exhibit 3 correctly states that the New York County District Attorney's Office is under the dominion and control of the City of New York. If the NY DA's office commits a tort, their liability flows not to the state but to the City of New York. I request that the Court so order the subpoena submitted on April 4, 2016 and also order the defendant City of New York to produce these documents by a date certain. The defendants do not agree and object to these requests.

---

[2] Due to a typo in the original notice, this was identified as the second Part 4. During today's call, it was agreed to cross off this second 4 and replace it with a 5.

6

Respectfully submitted,

*Wylie M. Stecklow*

cc: ACC Lamar Winslow (Via ECF)
    ACC Andrew Lucas (Via ECF)
    ACC Joy Anakhu (Via ECF)