

**ZACHARY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

LAMAR D. WINSLOW
*Assistant Corporation Counsel*
Phone: (212) 356-2579
Fax: (212) 356-1148
lwinslow@law.nyc.gov

April 15, 2016

**BY ECF**
The Honorable Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:   <u>Alex Gerskovich v. Iocco et al.</u>,
              15 CV 7280 (RMB) (DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing Defendants in the above-referenced matter. Defendants write in response to Plaintiff's April 12, 2016, correspondence updating the Court on his percieved discovery disputes. (Pl.'s Letter, April 12, 2016, ECF No. 66.)  Defendants submit that: (1) Plaintiff's concerns about the discovery deadline have been rendered moot; (2) Plaintiff is already in possession of answers to interrogatories 14 and 15; (3) the name of other arrestees has been redacted to address the privacy concerns of non-parties; (4) the 30 (b) (6) notice is still too broad; (7) this Office is not the custodian of files underlying New York City District Attorney investigations.

### <u>Discovery Deadline</u>

      Although plaintiff's letter was addressed to this Court, plaintiff chose to raise several discovery arguments before the Honorable Judge Berman during the April 12, 2016, pre-motion conference.  Plaintiff raised the issues in his letter during the conference despite being aware that

this Court has been assigned this matter for discovery purposes.[1] As a result, Judge Berman has extended the discovery deadline. Accordingly, Plaintiff's arguments about the discovery deadline have been rendered moot.

### Interrogatory Responses

Plaintiff is aware that there are complaining victims in this case, and that the private security officers assigned to the lobby of 4 New York Plaza attempted to expel the protesters before police arrived. Based on Defendant's recollection, the specific warnings referenced in the criminal complaint were not recorded by any means other than what was written in the criminal court complaint. Accordingly, it is impossible to retrieve data with the degree of specificity needed to answer Plaintiff's contention interrogatories. Defendants have repeatedly discussed this issue with Plaintiff's counsel. Plaintiff explored this topic in explicit detail during the seven-hour deposition of the officer who signed the criminal complaint, Defendant Captain Mark Iocco. Additionally, during the course of discovery, Defendants have provided Plaintiff with the contact information of security officers who were present when warnings were given, in the hopes that they could provide Plaintiff with more specific information. Moreover, Defendants are continuing to locate and interview individuals who might have discoverable information. As noted in Defendant's objections, Plaintiff assumes facts not established and the information Plaintiff seeks is more likely in the possession of a nonparty. At this time, Defendants do not have any additional information that would be responsive to Plaintiff's contention interrogatories. Defendants believe this interrogatory should be striken as it is not directed to an appropriate party. Alternatively the Court should order plaintiff's interrogatories "need not be answered until [] a pretrial conference[]" after the close of discovery. Fed. R. Civ. P. 33(a)(2).

### Names of Nonparties Arrested

Defendants informed Plaintiff that the other individuals listed on the Mass Arrest Report have not consented to having their information turned over to Plaintiff. Additionally, these individuals have not provided this Office with properly executed releases pursuant to N.Y. Crim. Proc. Law § 160.50. Defendants also respectfully note that there is no confidentiality agreement in place in this litigation. Understanding that Plaintiff's counsel might want to petition the Court for an Order to gain access to the arrest information of nonparties, and understanding that some courts in this jurisdiction have ordered this Office to provide the arrest information of nonparties after performing a balancing test[2], Defendants supplemented their disclosures to provide the line

---

[1] This also highlights the continued attempt on the part of plaintiff to unnecessarily prolong discovery. This is particularly glaring when <u>this</u> Court already generously granted an extension of discovery until the end of April, 2016 *sua sponte*. This Court also explicitly informed the parties to bring any issues to its attention directly. The fact that plaintiff would upload a letter less than fifteen minutes before an unrelated conference and raise issues already addressed further points to this gamesmanship. It underscores the controlling, and only relevant, fact at issue here - that plaintiff and others were trespassing on private property when he was arrested on September 17, 2012.

[2] See <u>Stinson v. City of New York</u>, 2016 U.S. Dist. LEXIS 22581 (S.D.N.Y. Feb. 23, 2016)

numbers of the individuals who are noted to have been arrested near 4 New York Plaza on the date of incident.  Defendants' position is that the "redaction of identities is an appropriate means of preserving the policy embodied in section 160.50(1)(c)."  Haus v. City of New York, No. 06 CV 4915 (RWS)(MHD), 2006 U.S. Dist. LEXIS 23006 *15 n.5 (S.D.N.Y. Apr. 17, 2006). Additionally, plaintiff has not put forth any substantive arguments as to how the intrusion of the privacy of non-parties to this action in any way moves this litigation forward or assists in his case in chief.  Under Federal Rule 26(b)(1), plaintiff is only entitled to discovery that is relevant and proportional to the needs of this case. Plaintiff has made no showing as to either aspect and should ultimately be rejected by the Court.

### FRCP 30 (b)(6) Deposition Notice

Plaintiff's notice was vague, overly broad and needed to be narrowed.  Defendants have objected to Plaintiff's notice in writing and have participated in lengthy discussions with Plaintiff's counsel. Most contentiously, Defendants disagreed with Plaintiff using FRCP 30(b)(6) witnesses to answer factual questions as that is not the purpose of a 30(b)(6) witness. As this Court is aware, the defendants are not required to produce a representative(s) with personal knowledge of the events leading to plaintiff's arrest.  See Travelers Prop. Cas. Co. of Am., LLC v. Daimler Trucks N. Am., LLC, 2015 U.S. Dist. LEXIS 48760, 11-12 (S.D.N.Y. 2015); Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, No. 10-CV-1391 (LGS) (JCF), 2013 U.S. Dist. LEXIS 44977, 2013 WL 1286078, at 2 (S.D.N.Y. 2013) Many of the topics covered in Plaintiff's 30(b)(6) notice are more easily answered through other discovery means, including deposing the defendant officers and non-parties.

With regard to the TARU job reports and the videos referenced therein, this Office is already in the process to of requesting and reviewing the TARU videos referenced in the job reports. This is one of the many reasons Defendants believed that Plaintiffs letter to the Court was premature.

Plaintiff's request for a 30(b)(6) witness to discuss the training policies of Defendant City of New York  is overly broad and needs to be narrowed.  Understanding that this 30(b)(6) witness may be appropriate if Plaintiff narrows the request, defendants have attempted to confer with plaintiff regarding the specific topics he seeks a witness on.  If plaintiff is able to clarify the topics he is seeking a witness for this will aid defendants in identifying an appropriate witness.

### The District Attorney of New York is not the New York City Law Department

This Office has requested the Criminal Court file and the District Attorney's file from the respective agencies, and this Office has not yet received these files.  Nonetheless, as informed to plaintiff and the Court, defendants intend to turn these files over in the normal course of discovery when they receive these files.  To the extent that Plaintiff intends to serve a subpoena on District Attorney of New York (DANY), Defendants respectfully note that DANY is not a party and that this Office does not represent DANY in this matter.  "To the extent that plaintiff seeks files in the custody of the [New York] District Attorney…, plaintiff should proceed… by subpoena addressed to the district attorney's office." Townes v. New York City, No. 94 CV 2595 (CPS), 1996 U.S. Dist. LEXIS 20220, at *29-30 (E.D.N.Y. Mar. 28, 1996)

- 4 -

Defendants thank the Court for its time and attention in this matter.

                                                   Very truly yours,

                                                   _____/s/_____
                                                   Lamar Winslow; Andrew Lucas
                                                   Assistant Corporation Counsel
                                                   Special Federal Litigation Division