```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

ALEX GERSHKOVICH,

                        Plaintiff,

            -against-

NYPD CAPTAIN MARK IOCCO, *et al.*,

                        Defendants.

-------------------------------------------------------------

15cv07280 (RMB) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      On April 12, 2016, this Court received a letter from Plaintiff's counsel regarding certain discovery disputes between the parties. (Dkt. 66.) By letter dated April 15, 2016, Defendants set out their position with respect to those disputes. (Dkt. 67.) As it then appeared to the Court that some of the issues raised in the parties' submissions may have been mooted, my Chambers contacted Plaintiff's counsel on April 26, 2016, to clarify which issues still remained outstanding. This Court having now reviewed and considered the parties' arguments with respect to what the Court understands to be the remaining issues, it is hereby ORDERED as follows:

      1.     Defendants are directed to answer Plaintiff's Interrogatories Nos. 14 and 15 to the extent of their knowledge, consistent with Rule 33 of the Federal Rules of Civil Procedure. If, after conducting a reasonable investigation, Defendants are unable to answer these interrogatories in whole or in part, then, with respect to each sub-part in question, Defendants should state that they have made reasonable inquiry and assert lack of knowledge as the reason for their inability to answer.

      2.     Given that Plaintiff seeks identifying information for only eight individuals who were arrested on the same date and at the same approximate location as Plaintiff, and that each of

these arrestees may possess knowledge relevant to factual issues being disputed in this action, this Court finds that the privilege created by Section 160.50 of the New York Criminal Procedure Law "must yield . . . [to the] federal interest in presenting relevant information to a trier of fact." *MacNamara v. City of New York*, No. 04cv9612 (JCF), 2006 WL 3298911, at *2 (S.D.N.Y Nov. 13, 2006) (quoting *United States v. One Parcel of Property at 31-33 York Street*, 930 F.2d 139, 141 (2d Cir. 1991)). Nonetheless, in light of the policy underlying Section 160.50 and the need to protect the privacy interests of non-parties, this Court will first allow the non-party arrestees to be heard as to whether they have any objection to their identities being disclosed to Plaintiff or his counsel. *See Spiegler v. City of New York*, Nos. 04cv1066, 04cv1097 (RWS) (MHD), 2005 WL 2676671, at *2 (S.D.N.Y. Oct. 2005); *Bryant v. City of New York*, No. 99cv11237, 2000 WL 1877082, at *2-3 (S.D.N.Y. Dec. 27, 2000). Accordingly, the parties are directed to submit a joint proposal for a protocol by which these witnesses can be informed of the potential disclosure of their identities and can express a preference for non-disclosure. Should the parties conclude that the best approach would be for the Court to send its own letter to the witnesses, then the parties should submit jointly proposed language for such a letter.

3. Defendant City of New York (the "City") is directed to designate one or more witnesses to testify on its behalf, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, concerning the topics identified in Parts 1, 3, and 5 of Attachment A to Plaintiff's Notice of Deposition ("Rule 30(b)(6) Notice"), to the extent that such information is known or available to the City upon reasonable inquiry.

4. Pursuant to the agreement of the parties, the City need not designate any witness to testify regarding the matters described in Part 2 of the Rule 30(b)(6) Notice until after Defendants' anticipated motion to dismiss is decided. The parties are directed to write to this

Court, within one week of Judge Berman's decision on that motion, to apprise this Court as to whether it is necessary to proceed with a deposition on the topics described in Part 2 and, if so, to propose an expedited schedule for doing so.

5. The City also need not designate an individual to testify about the matters described in Part 4 of the Rule 30(b)(6) Notice, as this Court finds that discovery regarding those matters would be more efficiently conducted through interrogatories. Accordingly, if he has not already done so, Plaintiff may serve interrogatories on the City seeking the information described in Part 4. The City is directed to answer any such interrogatories to the extent of its ability, and may assert lack of knowledge as the reason for any failure to answer only after making reasonable inquiry and stating that it has done so.

6. No later than one week from the date of this Order:

    a. Defendants are directed to supplement their interrogatory responses in accordance with paragraph 1, above;

    b. the parties are directed jointly to propose a protocol for contacting the eight non-party arrestees, in accordance with paragraph 2, above;

    c. the parties are directed to confirm a date for the City's Rule 30(b)(6) deposition, in accordance with paragraphs 3-5 above;

    d. Plaintiff may, if he has not already done so, serve the City with limited, additional interrogatories, in accordance with paragraph 5, above;

    e. the parties are directed to inform this Court if any discovery disputes remain that have not been resolved by this Order; and

      f.      the parties, following good-faith conference, are directed to propose to this Court a modified schedule by which discovery in this case will be completed, in light of the contents of this Order.

Dated: New York, New York
       May 9, 2016

                             SO ORDERED

                             _____
                             DEBRA FREEMAN
                             United States Magistrate Judge

Copies to:

All counsel (via ECF)