

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

LAMAR D. WINSLOW
*Assistant Corporation Counsel*
Phone: (212) 356-2579
Fax: (212) 356-1148
lwinslow@law.nyc.gov

May 17, 2016

**BY ECF**
The Honorable Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Alex Gerskovich v. Iocco et al.,
      15 CV 7280 (RMB) (DCF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing Defendant City of New York ("City") in the above-referenced matter. Defendant City writes in response to the Court's May 9, 2016 Order wherein Defendant was ordered to confirm a date for the City's Rule 30(b)(6) deposition. Defendant now writes to request: (1) a brief extension to provide Plaintiff with a date for Defendant City's Rule 30(b)(6) deposition related to Part 5 of Plaintiff's Notice; and (2) to be granted an extension in providing Plaintiff's counsel with a factual Rule 30(b)(6) witness related to Parts 1 and 3 of Plaintiff's Notice until after paper discovery and fact depositions have been concluded.

      First, Defendant City has been unable to provide Plaintiff with a date to conduct the Rule 30(b)(6) deposition related to training and policies outlined in Part 5 of Plaintiff's Notice because of a problem contacting the appropriate agent. Please allow Defendant to apologize to the Court and to Plaintiff for the instant delay. Defendant has been in contact with the appropriate personnel at the NYPD Police Academy, but has been unable to confirm a date with the agent ultimately responsible for testifying. Defendant has been working feverishly to expedite this process so as to comply with the Court's Order.

Second, with regard to the Rule 30(b)(6) witness noticed to testify about facts outlined in Parts 1 and 3 of Plaintiff's Notice, Defendant requests an extension until after the parties have had an opportunity to conduct further discovery. This witness would be different from the individual qualified to discuss topics outlined in Part 5 of Plaintiff's Notice, and this witness would need to testify based on facts uncovered during the course of discovery.

Rule 30(b)(6) is not intended for the purpose of obtaining facts that can be obtained by other means. Rather, the rule was designed to curb the practice of "bandying" whereby "officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Price Waterhouse UK Firm v. First Am. Corp., 182 F.R.D. 56, 61 (S.D.N.Y. 1998); see also Alexander v. FBI, 186 F.R.D. 148, 152 (D.D.C. 1999) (stating that the purpose of the rule is to avoid "serial depositions of various witnesses without knowledge within an organization").

"Bandying" is not an issue in this case. At this time, Defendants have been locating and producing fact witnesses—that is, private security officers, civilian witnesses and the police officers named as defendants who were present at the location where Plaintiff was arrested. Some or all of these witnesses are likely to have knowledge concerning the facts and circumstances of Plaintiff's arrest on September 17, 2012. Accordingly, there appears to be no need for a Rule 30(b)(6) witness to testify about these matters, in order to prevent serial depositions of witnesses without knowledge. Cf. Ind. Serv. Orgs., 168 F.R.D. 651, 654 (D. Kan. 1996) (Rule 30(b)(6) deposition should not take place where "the information [sought by the notice] appears to be discoverable by other means" and where notice amounts to "a form of contention interrogatories"). After the fact witness depositions are completed, the subject of Rule 30(b)(6) witnesses could be revisited if necessary.

The production of Rule 30(b)(6) witnesses is premature at this juncture because Defendant City of New York is still gathering facts. Premature production of a Rule 30(b)(6) witness would put Defendant City in the position of having to provide another 30(b)(6) witness at the end of discovery. Any facts that Defendant City relies on in this matter would be derived from document discovery and witness testimony. Defendant City is not currently in possession of all the facts and circumstances Plaintiff seeks to gather through 30(b)(6) testimony. For instance, Defendants only recently received the District Attorney file in this matter and Defendants still have not received the criminal court file. Most importantly, based on information produced during the course of discovery, there are a plethora of potential non-party witnesses whose statements must be gathered. The parties today have written the Court with proposed protocols to contact some of these potential witnesses.

Production of a Rule 30(b)(6) witness to discuss facts and circumstances is not yet warranted here and would prejudice Defendant City by putting it in the unenviable position of binding the municipal corporation to testimony based on incomplete facts. This would almost certainly invite a motion for some sort of sanction from Plaintiff that would either cost the Defendant monetarily or preclude Defendant City from using information that has been obtained after the Rule 30(b)(6) depositions.

- 3 -

      For the foregoing reasons, Defendant requests: (1) a brief extension to provide Plaintiff with a date for Defendant City's Rule 30(b)(6) deposition related to Part 5 of Plaintiff's Notice; and (2) to be granted an extension in providing Plaintiff's counsel with a factual Rule 30(b)(6) witness related to Parts 1 and 3 of Plaintiff's Notice until after paper discovery and fact depositions have been concluded.  In their joint letter dated May 17, 2016, the parties proposed a 60-day limit to further discovery.

      Defendants thank the Court for its time and attention in this matter.

      Respectfully,

      _____/s_____
      Lamar D. Winslow
      Assistant Corporation Counsel
      Special Federal Litigation Division