DAVID A. THOMPSON  
STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR  
NEW YORK, NEW YORK 10013  
TEL:   (212) 566-8000  
FAX:   (212) 202-4952  
DAVE@SCTLAW.NYC

May 18, 2016

**VIA ECF**  
Hon. Judge Debra Freeman  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

      Re:    Gershkovich v. Iocco et al., 15-cv-7280 (RMB)(DCF)

Dear Honorable Chief Judge:

    I am a partner in the law firm of Stecklow & Thompson, the attorneys of record for the above referenced plaintiff. I submit this letter to provide the Court with newly-discovered information relating to the issue of unsealing records concerning arrestees who are believed to be witnesses to the Sept. 17, 2012 arrest of the plaintiff in this action. Yesterday it came to the attention of our firm that, in another litigation in this district, Sharif Stinson, et al. v. City of New York, et al., 10-cv-4228 (RWS), the City of New York has taken positions on the application of N.Y. Criminal Procedure Law § 160.50 (CPL 160.50") to NYPD records. I write to inform the Court of certain filings in that case which are relevant to the issues that have been raised concerning the purportedly sealed records of the witnesses in this action.

    Most importantly, the City of New York has taken the position that the NYPD is not required to – and does not -- comply with Section 160.50 in maintaining its own records, and does not maintain such records under seal.

    In the Stinson matter (a class action on behalf of plaintiffs allegedly issued summonses pursuant to an unlawful quota system), the parties have been engaged in a dispute concerning the unsealing of records of summonses issued to class members. In March, there was an exchange of letters on the docket relating to the NYPD's actual

practices (as distinct from what the law requires of the NYPD) in regard to maintaining information under seal.[1]

A letter submitted by plaintiffs' counsel in Stinson quotes emails from Assistant Corporation Counsel Dan Passeser stating that the NYPD accesses supposedly sealed NYPD records for a "laundry list" of reasons (i.e., the records are not maintained under seal). *See* MARCH 16, 2016 LETTER OF ELINOR SUTTON AND EXHIBITS, Stinson, et al. v. City of New York, et al., 10-cv-4228, Docket No. 289. In a responding letter, ACC Passeser confirmed that the NYPD does **not** believe that CPL 160.50 "prohibits the NYPD from accessing sealed criminal records," but rather, "Defendants understand [CPL 160.50] as prohibiting the NYPD from making sealed records available to any public or private agency." *See* MARCH 16, 2016 LETTER OF ACC DAN PASSESER, Stinson, et al. v. City of New York, et al., 10-cv-4228, Docket No. 290.

In the Gershkovich litigation, it has already become apparent that the records of arrestee witnesses were provided in an unredacted form to the Office of Corporation Counsel, in violation of CPL 160.50. *See* MARCH 16, 2016 LETTER OF ACC DAN PASSESER, Stinson, et al. v. City of New York, et al., 10-cv-4228, Docket No. 290 ("there is no dispute that N.Y.C.P.L. § 160.50 prohibits the NYPD from sharing sealed information with the New York City Law Department absent an unsealing order."). What the Stinson letters, reveal which was not previously known, is that the NYPD records concerning the arrestee-witnesses were never actually sealed to begin with.

One of the differences between the plaintiff's proposed letters to potential witnesses, and that proposed by the defendants, is that the letters proposed by the plaintiff clearly indicate to the recipient that the NYPD and the Office of Corporation Counsel

---

[1] The NYPD is violating the law, which is quite clear that police records are subject to sealing just as court records are. Section 160.50(a) provides that when 160.50 is triggered by a termination of a criminal action in favor of the accused: "[T]he record of such action or proceeding shall be sealed and the clerk of the [criminal] court ... shall immediately notify the ... the heads of all appropriate **police departments** and other law enforcement agencies that the action has been terminated in favor of the accused, and unless the court has directed otherwise, that the record of such action or proceeding **shall be sealed**." (emphasis added). Section 160.50(c) provides that as part of the sealing process: "all official records and papers ... relating to the arrest or prosecution, including all duplicates and copies thereof, on file with ... any court, **police agency**, or prosecutor's office shall be sealed." *See also* Burr v. Goord, 283 A.D.2d 891, 893 (N.Y. App. Div. 3d Dep't 2001) (holding that in the absence of an "express exception to the clear requirement of CPL 160.50 (1) (c)," an agency may not access its own records if they are sealed pursuant to 160.50).

already have access to their sealed information. The letter proposed by the defendants, however, fails to disclose this fact. The information disclosed in the Stinson case makes clear that the City's failure to comply with CPL 160.50 is part of a comprehensive policy that predates the Gershkovich litigation, and the NYPD will no doubt continue to access the records of the arrestee-witnesses after the Gershkovich litigation has concluded. The plaintiff believes this information is material and necessary to the decision the arrestee-witnesses are being asked to make pursuant to the protocol. There may well be arrestee-witnesses who would wish to limit the use of their information by the NYPD: these individuals should not be misled into believing that the NYPD is not already making use of their information in whatever way it sees fit.

Respectfully submitted,

David Thompson