```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEX GERSHKOVICH,

                Plaintiff,

    -against-

NYPD CAPTAIN MARK IOCCO, *et al.*,

                Defendants.

15cv07280 (RMB) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

By Order dated May 9, 2016, this Court directed the parties to this action to submit a joint proposal for a protocol by which certain potential witnesses (whose arrest records are sealed pursuant to Section 160.50 of the New York Criminal Procedure Law) can be notified of the possible disclosure of their identities to Plaintiff's attorneys and can express a preference for non-disclosure. (Dkt. 68.) When the parties were unable to agree on a joint proposal, each side submitted its own proposed protocol. (Dkt. 74.) Having reviewed the parties' submissions, this Court proposes to contact the potential non-party witnesses using the language contained in the letter attached to this Order. The parties are directed to inform this Court of any objections to the Court's proposed language by June 3, 2016. Defendants' counsel is also directed to provide this Court with the names and contact information of the potential witnesses by that same date.

Dated: New York, New York
       May 31, 2016

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:
All counsel (via ECF)

June XX, 2016

[ADDRESS]

Re: *Gerskovich v. City of New York, et al.*, No. 15cv7280 (RMB) (DF)

Dear Sir or Madam:

    I am contacting you in connection with a lawsuit brought in this Court by plaintiff Alex Gerskovich ("Plaintiff") against the City of New York and several New York City Police Department ("NYPD") officers, based on Plaintiff's arrest at 4 New York Plaza (near Water Street and Broad Street) on September 17, 2012, at approximately 9:30 a.m. Mass Arrest Records held by the NYPD indicate that you were also arrested at that location, on that date, at around the same time. As these records are held under seal, only the NYPD and their attorneys have had access to your name and contact information – Plaintiff and his lawyers have not. Plaintiff's attorneys have requested that this Court turn over your name and contact information to them, so that they may contact you about this matter. The Court has ruled that, if you object to the disclosure of your contact information, then that information will not be provided to Plaintiff's attorneys.

    Enclosed is a form for you to use to indicate whether you consent to your name and contact information being disclosed to Plaintiff's attorneys. Also enclosed is a stamped envelope, addressed to the attorneys for the City of New York, that you can use to return the form. By agreeing to have your information shared, you are not obligating yourself to speak to anyone or to be a witness in this matter, but you are agreeing that your name and contact information can be shared with Plaintiff's attorneys and with Plaintiff. Please be advised that, after you sign the consent form, someone may be in touch with you about this matter.

    If you consent to having your contact information shared, then please check #1 on the enclosed form. If you do *not* consent to having your information shared, then please check #2 on the form. After you have checked one of the options, please sign and print your name on the form and send it to the attorneys for the City of New York, in the enclosed envelope. If you consent to share your information, then it will be passed on to Plaintiff's attorneys. *Please note that, if you do not return the consent form by [DATE – TWO WEEKS AFTER DATE OF LETTER], then this Court will assume that you have no objection to the disclosure, and your contact information will be provided to Plaintiff's attorneys.*

    Attached to this letter is a copy of Plaintiff's arrest photograph, so that you can determine whether you recognize him and may have further information about his arrest. Also, the contact information for the attorneys involved in the case is set out below Plaintiff's photograph. You should feel free to contact those attorneys on your own, if you wish.

                                                               Sincerely,

                                                              Debra Freeman
                                                              Chief United States Magistrate Judge