```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

ALEX GERSKOVICH,

                 Plaintiff,

        -against-

NYPD CAPTAIN MARK IOCCO, *et al.*,

                 Defendants.

------------------------------------------------------

15cv07280 (RMB) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

      Currently before this Court are a series of letters, by which: (1) Plaintiff (a) seeks an "update from the Court" regarding whether certain potential witnesses (who were arrested at or about the same time as Plaintiff, at the same "Occupy Wall Street" event, and whose arrest records have been sealed pursuant to Section 160.50 of the New York Criminal Procedure Law) have notified the Court regarding their willingness to disclose their identities to Plaintiff's attorneys (Dkt. 94), and (b) requests that this Court "so order" a subpoena directing the Office of the District Attorney for New York County to produce the criminal complaints underlying the prosecution of these witnesses (*id.*); (2) Defendants ask that Plaintiff be precluded from noticing the deposition of any defendant in this action, other Defendant Cross, whose deposition has already been noticed (Dkt. 100); (3) non-party OWS Media Group Inc. seeks to quash a subpoena served on it by Defendants (Dkts. 90, 93); and (4) Plaintiff seeks this Court's intervention to resolve a number of discovery disputes relating to Defendants' responses to interrogatories and requests for admissions (Dkts. 95-96). Having reviewed the submissions of the parties and of nonparty OWS Media Group Inc., it is hereby ORDERED as follows:

      1.     With respect to the potential witnesses who were arrested at or about the same time as Plaintiff's arrest:

a. Under the protocol implemented by this Court, the responses of these witnesses, with regard to whether they are willing to have their identities disclosed to Plaintiff's counsel, were to be directed to *Defendants' counsel*, and not to the Court. It appears from Plaintiff's recent submissions that Defendants' counsel has not informed Plaintiff as to whether it received any such responses. Indeed, it appears that Defendants' counsel may not even have informed Plaintiff's counsel that three of the letters (all of which were initially mailed out from the Court) were returned to the Court as undeliverable – a fact my Chambers communicated to Defendants' counsel by voicemail message on July 13, 2016, with instructions to relay that information to Plaintiff's counsel. Given that the letters sent by the Court to the witnesses stated that, if a witness did not return the consent form within two weeks, then the Court would assume that the witness had no objection to the disclosure of his or her identity (*see* Dkt. 80), and given that the two weeks have now passed, Defendants' counsel is directed to provide Plaintiff's counsel immediately with the names of all individuals who either expressly consented to disclosure or who did not respond, unless their letters were returned in the mail as undeliverable.

b. Plaintiff's request that this Court "so order" the subpoena directed to the Office of the District Attorney for New York County, for the production of the criminal complaints against the witnesses, is DENIED, in light of this Court's prior rulings regarding the important privacy interests protected by Section 160.50, as well as the fact that Plaintiff has not demonstrated the relevance of these criminal complaints to his claims.

2. Defendants' request to preclude Plaintiff from noticing any further depositions of any defendant in this action is DENIED. To the extent that Plaintiff seeks to depose any other defendant, however, he should notice such deposition promptly, to ensure that any deposition can be completed prior to the close of the discovery period.

3. The motion of non-party OWS Media Group Inc. to quash the subpoena served upon it is GRANTED, on the grounds that this entity apparently did not exist on the date of Plaintiff's arrest and that its counsel has represented to the Court that it is not in possession of any media from that date.

4. The parties are directed to contact this Court's Chambers to schedule a telephone conference to address the remaining discovery disputes raised by the parties' letters, specifically the disputes raised by Plaintiff regarding the adequacy of Defendants' responses to interrogatories and requests for admission. The Court expects, however, that the parties will confer fully, in good faith, to attempt to resolve these remaining disputes prior to any conference that is scheduled.

Dated: New York, New York
       August 25, 2016

                              SO ORDERED

                              DEBRA FREEMAN
                              United States Magistrate Judge

Copies to:

All counsel (via ECF)