UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/16

-----------------------------------------

ALEX GERSKOVICH,

                   Plaintiff,

-against-

NYPD CAPTAIN MARK IOCCO, *et al.*,

                   Defendants.

-----------------------------------------

15cv07280 (RMB) (DF)

**ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

Once again, the parties have written a series of letters to this Court, updating the Court on their continuing meet-and-confer efforts to resolve various disputes, and again raising a number of disputes as to which, it seems, they have not been able to reach accord. (*See* Dkts. 106-09.) This Court makes no ruling as to any dispute where it appears that counsel are still working together to reach resolution. As to the other issues now placed before this Court, the parties' disputes are resolved as follows:

### Identification of Witnesses

1.     If Defendants are aware of any defendant or other witness who, from present, personal recollection, can attest to the fact that, prior to Plaintiff's arrest on September 17, 2012, (a) Plaintiff was inside the building at Four New York Plaza ("4NYP"), or (b) Plaintiff was given a warning or instruction to vacate the area outside the building at 4NYP, then, with respect to (a) and (b) separately, Defendants are directed to identify each such defendant or witness.

2.     To the extent any party has not fully disclosed, pursuant to Rule 26(a)(i), the names, and if known, the addresses and telephone numbers of particular witnesses who may be called by that party to support its claims or defenses, together with the subjects of the

discoverable information within those witnesses' knowledge, such party is directed to supplement its Rule 26(a) disclosures to add this information.

3.      Except as set forth above, any request by Plaintiff to compel Defendants to provide further responses to interrogatories or requests for admissions that relate to the identities of witnesses or the extent of their knowledge or recollection is denied.

### Discovery Regarding Privately Owned Public Spaces ("POPS")

4.      Defendants are directed to make clear to Plaintiff, in writing, whether they admit that, as of September 17, 2012, (a) the plaza and arcade at 4NYP each comprised or fell wholly within the boundaries of a POPS, and (b) the City Planning Commission (the "Commission") had not approved any variance from 24/7/365 opening hours for those POPS. If these facts are not admitted, then – to the extent it has not already done so – defendant the City of New York (the "City") is directed to produce to Plaintiff, from the Commission: (a) documents sufficient to show, as of September 17, 2012, the boundaries of any POPS covering any part of the plaza and arcade at 4NYP, and (b) documents reflecting any pre-September 17, 2012 approval(s) by the Commission of a variance for those POPS' opening hours. Further, if such documents are not certified or if Defendants will not stipulate to their authenticity, then the City is directed to provide the identity of a person at the Commission who would be able to authenticate the documents.

5.      Defendants' counsel's request that the Court prohibit Plaintiff's counsel from ever contacting the Commission directly is denied, but, to the extent Plaintiff's counsel may seek any further information from the Commission in connection with this case, he is directed to communicate through Defendants' counsel, who is representing the Commission in connection with Plaintiff's subpoena on that agency, in this action.

6. Except as set forth above, any request by Plaintiff to compel Defendants to provide further responses to interrogatories or requests for admissions that relate to POPS is denied.

### Witnesses James Klein and Sgt. Derrick Brown

7. Any application by Plaintiff to preclude Defendants from introducing at trial written statements by witness James Klein ("Klein"), who has not appeared for deposition, is denied without prejudice, as it appears that Klein was not a City employee or otherwise within Defendants' control, and Plaintiff has not shown that Defendants failed to produce any contact information for this witness in their possession, custody or control.

8. It is this Court's understanding that Plaintiff would only seek to depose Sgt. Derrick Brown ("Brown") if Defendants may call Brown as a witness at trial or seek to introduce any statement from him. Based on the Court's further understanding that Defendants do *not* intend to call Brown as a witness at trial or to rely on any statement that he may have given (*see* Dkt. 107, at 3), this Court declines to consider whether Defendants have the ability to produce Brown for deposition, or, if so, to order that this witness be produced. If this Court misunderstands Defendants' position, and if Defendants are in fact seeking to preserve their right to call this witness at trial or to introduce any statement from him, then Defendants should immediately make this clear to Plaintiff and the Court, and Plaintiff may then renew an application for appropriate relief on this issue.

### Criminal Complaints Against Arrested Individuals, Other Than Plaintiff

9. Despite this Court having denied Plaintiff's request that the Court "so order" a subpoena for the criminal complaints against other arrested individuals (*see* Order, dated Aug. 25, 2016 (Dkt. 105), ¶ 1(b)), and despite Plaintiff having never formally moved for

3

reconsideration or reargument, Plaintiff apparently again seeks such relief, suggesting this time that the criminal complaints could be produced with redactions of the names and "private information" of the individuals identified in those complaints. (Dkt. 106, ¶ 6(b).) Plaintiff also tries anew to demonstrate the relevance of the information sought, now contending that, from these other criminal complaints, "the parties may be able to understand and prove how [P]laintiff was arrested by police, according to initial arrest paperwork, for blocking doorways outside 4NYP, but then charged in a criminal complaint with trespassing inside 4NYP." (*Id.*) This Court adheres to its prior ruling, as it remains unsatisfied that the information sought has sufficient relevance to Plaintiff's claims in this case to warrant the disclosure of criminal complaints against non-parties.

## Expert Discovery

10.     The parties should proceed with expert discovery as scheduled; any motions to exclude any produced expert report or proffered expert testimony can be made as a motion *in limine*, prior to trial.

## Sanctions

11.     At this time, this Court will not consider any request by Plaintiff for the imposition of sanctions against Defendants for any refusal to admit facts relating to the existence or public accessibility of any POPS at 4NYP. (*See id.*, at ¶ 11.) If Defendants fail to admit what has been requested under Rule 36, or what is set forth in ¶ 4, above, and if Plaintiff later proves the matter true, then Plaintiff may potentially have recourse under the provisions of Rule 37(c)(2).

12. This Court also will not consider, at this time, any request by Plaintiff for sanctions against Defendants or their counsel for the litany of purported discovery abuses raised by Plaintiff for the first time on reply. (*See* Dkt. 108, at 4-7.)

### Deadline For Compliance With This Order

13. All parties are directed to comply with the discovery directives of this Order no later than September 30, 2016. By that same date, counsel are directed to submit a *single*, joint status letter to this Court, no longer than three pages, listing any remaining discovery disputes.

Dated:  New York, New York
        September 20, 2016

                                    SO ORDERED

                                    _____
                                    DEBRA FREEMAN
                                    United States Magistrate Judge

Copies to:

All counsel (via ECF)