# WYLIE M. STECKLOW
## STECKLOW & THOMPSON

WWW.LAWYERSFORTHERESTOFUS.COM

217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.NYC

September 30, 2016

**VIA ECF**
Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

[Handwritten annotation:] While the parties are free to enter into discovery stipulations consistent with Rule 29, all discovery is to be completed by 10/11/16, as made clear by Judge Berman and this Court. As for item #9, referenced herein, this Court does not understand Plaintiff to be seeking reconsideration by this letter, nor has this Court received any such request by any separate submission.

**SO ORDERED:** DATE: 10/4/16

[Signature] Debra Freeman
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

Re: Gershkovich v. Iocco, et al 15CV7280 (RMB)(DCF)

Dear Magistrate Judge Freeman:

Pursuant to the Court's September 20, 2016 Order (Docket # 112) (the "Order"), the parties submit this joint discovery update letter. The numbers below correspond to items contained in the Order.

### 1. Identification of Witnesses

The defendants did not identify any defendants or defendants' witness that would testify from present recollection that prior to Plaintiff's arrest on September 17, 2012, (a) plaintiff was inside the building at Four New York Plaza ("4NYP"), or (b) Plaintiff was given a warning or instruction to vacate the area outside the building at 4NYP.

### 2. Supplemental Rule 26(a) Disclosures

On September 29, 2016, Plaintiff served his supplemental disclosures identifying thirteen witnesses. Ten of these witnesses were identified with names, phone numbers, addresses and subject matter of their testimony. Defendants served Fourth Supplemental disclosures on September 30, 2016, which identified 18 individual witnesses with phone numbers, addresses, and the subject matter of their testimony.

### 4. Discovery Regarding POPS

Defendants have produced 136 pages of documents as well as a voluminous set of documents on CD related to POPS status and have admitted the following two statements: (a) the plaza and arcade at 4NYP comprised or fell wholly within the boundaries of a POPS, and (b) the City Planning Commission had NOT approved any variance from 24/7/365 opening hours for those POPS.

### 7. James Klein

*(Plaintiff position)* Plaintiff personally served Mr. Klein at his home with a subpoena requiring him to appear for a deposition on October 3, 2016 (we previously served Mr.

[Filing stamp:] USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 10/5/16

Klein at his last place of employment). On September 29, 2016, Jennifer Klein contacted Mr. Stecklow. As Mr. Stecklow later explained to Andrew Lucas, Esq., Ms. Klein told Mr. Stecklow that her husband (James Kleijn) was struck by a motor vehicle on January 7, 2014. As a result, Mr. Klein suffered a traumatic brain injury, was immobile and incontinent. As such, he would not be appearing for the deposition.

The information obtained from Ms. Klein is troubling. If true, and the information from Ms. Klein generally corresponds with information I had previously received from ACC Winslow and others, Mr. Klein appears to be unavailable within the meaning of Rule 804(a)(4) of the Federal Rules of Evidence. As such, plaintiff sought an agreement from the defense that any testimony of James Klein being introduced for the truth of the matter asserted be deemed inadmissible. Defendants disagreed with plaintiff's proposal. Plaintiff's counsel is attempting to confirm Mr. Klein's information – for example, Ms. Klein told Mr. Stecklow that there was ongoing litigation. Plaintiff requests an additional week to determine how to proceed.

*(Defendants position)* Defendants take no position on Mr. Stecklow's request for a week to determine how to proceed regarding Mr. Klein. Defendants do maintain that plaintiff's described proposal is unacceptable.

8.  Sergeant Brown

The parties believe that they have reached an accord on Sergeant Brown, PO Cross, Bautista that will preclude the parties from introducing their testimony or any other evidence from them in the litigation. Chief Anger will be deposed on October 5 or 6, 2016. The parties request until October 7 to finalize these stipulations.

9.  Additional Criminal Complaints

*(Plaintiff position)* Based upon the very delayed disclosure by the defense on September 1, 2016, of four names of potential witnesses, plaintiff, in a short time, has been able to identify most of the arrestees by name, docket number and obtain 160.50 waivers from a few of them. These names were to be disclosed two weeks after letters were mailed out in early June if no response had been received. On July 13, 2016, the court again ordered the non-objecting names disclosed. Yet, the names were not disclosed until September 1st, approximately 70 days late. Three subpoenas with the 160.50 waivers have been served on the District Attorney of New York resulting in some documents being produced earlier this week. One subpoena noticed a Rule 30(b)(6) deposition initially scheduled for September 30, 2016. Earlier this week, plaintiff's counsel spoke with a representative of DANY and agreed to adjourn the scheduled deposition to a date either before October 11, 2016, (or shortly thereafter if a short discovery extension is granted by Judge Berman). This delay is needed in order for DANY to identify and make production of the responsive criminal case files. Based upon the DANY documents, plaintiff may be able to present more specific arguments to this Honorable Court requesting a reconsideration of its decision on lifting the 160.50 protection on a few of the remaining witnesses.

*(Defense position)* The Court has now twice denied plaintiff's request. He now raises it for a third time despite the clear language of the Court in the September 20, 2016 order stating "This Court adheres to its prior ruling, as it remains unsatisfied that the information sought has sufficient relevance to Plaintiff's claims in this case to warrant the disclosure of criminal complaints against non-parties." Plaintiff's latest request does nothing to cure the deficiencies in his first, or his improperly renewed second application. Plaintiff's request should be denied for a third time.

10) *(Defense position)* Defendants issued a demand for various documents including photos and media taken by plaintiff with metadata from 9/17/12, as well as instruction manuals and repair records for any recording devices, including but not limited to cameras, phones, and video recorders he had with him on 9/17/12. Defendants have not received responses to this request, are following up with plaintiff to resolve this issue, and request an additional week to confer.

*(Plaintiff position)* Plaintiff has never heard this issue raised before 5:00pm on September 30, 2016. In the numerous discovery emails and letters between counsel, and the numerous discovery letters from counsel to the court, this issue has never before been raised. A review of the discovery demands of February 3, 2016, this demand is not listed. Even taking the issue at face value as legitimate, the defense may have waived any objections to discovery responses by not raising them in a timely fashion. Plaintiff has produced Gershkovich 018-113 all of which are photographs, including photographs taken by the plaintiff prior to his arrest on September 17, 2012.

    Thank you for your consideration of these matters.

                                  Respectfully submitted,

                                  --/s/--
                                Wylie M. Stecklow

cc: ACC Lucas (VIA ECF)