

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Andrew Lucas
Phone: 212-356-2373
Fax: 212-356-3509
E-mail: alucas@law.nyc.gov

October 7, 2016

**By ECF**
Honorable Deborah Freeman
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:  Gerskovich v. Iocco, et al.,15 CV 7280 (RMB)(DF)

Your Honor:

    I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. Defendants write in regards to outstanding subpoenas in this case. Defendants move to enforce, or have judicially issued 1 subpoena issued to Reuters, and to quash a subpoena issued by plaintiff's counsel to an arm of the New York City Police Department. An attempt was made by defendants on Monday October 3, 2016, to confer in good-faith with plaintiff however, the parties were unable to narrow the issues.

    **Subpoenas To Reuters**

    On October 3, 2016, defendants served three subpoenas on two photographers for the New York Daily News and one for Reuters. See Exhibit A.[1] The subpoenas were styled to seek media, including photos, taken between 8:30 a.m. and 9:15 a.m. on the property of 4 NY Plaza and the surrounding sidewalk. The New York Daily News has responded to the subpoenas and represented that it has no responsive information. Reuters has not responded, though Mr. Burton, their photographer, was present for the protest at 4 NY Plaza.

    Defendants anticipate that the non-party Reuters may point to the qualified journalists' privilege to prevent disclosure. However, photographs of a public event are necessarily entitled to a far lower threshold of protection. "[I]t is important to recognize that, where the protection of confidential sources is not involved, the nature of the press interest

---

[1] See Affidavits of Service as Exhibit B. Defendants note the subpoenas were served by post on October 3, 2016, by personal service on October 4, 2016, and in the case of Reuters by New York State Department of State on October 5, 2016.

protected by the privilege is narrower." Gonzales v. NBC, 194 F.3d 29, 35-36 (2d Cir. 1999). As under Gonzalez, the photos of a protest on private property lack any confidential component, and the privilege does not apply.  There, the Court found that outtakes from an interview may provide evidence of probable cause making it both significant and relevant.  Here, the photos would provide evidence of probable cause to arrest, evidence of trespass, the timeline of events leading to plaintiff's arrest, and plaintiff's location prior to and at the time of his arrest, each of which are central factual disputes in this case.  The Gonzalez Court also reasoned that the video had information that was not reasonably obtainable from other sources, including deposition, because "it can provide unimpeachably objective evidence." Gonzales, 194 F.3d 36.  Certainly the media sought here is expected to be equally objective, and similarly satisfies that requirement.

Mr. Burton was present just prior to, and at the time of, plaintiff's arrest and defendants have issued narrowly framed the subpoena to obtain only relevant photos from the approximate time and location at issue in this case.  The photographs have the potential to unimpeachably resolve key factual disputes in this matter and provide the precise, otherwise unobtainable, and objective, evidence described as outside journalists' privilege in Gonzalez. Defendants request the Court so order the subpoena attached as Exhibit A, or execute the proposed subpoena attached as Exhibit C.[2]

**Subpoena Issue by Plaintiff**

Additionally, defendants move to quash plaintiff's subpoena served on an arm of the New York City Police Department this Tuesday, October 4, 2016.  See Exhibit D.  As an initial matter, defendants raise the continued abuse of the discovery process by plaintiff's counsel in this case.  See Topo v. Dhir, 210 F.R.D. 76, 78 (S.D.N.Y. 2002) ("When the potential for abuse of procedure is high, the Court can and should act within its discretion to limit the discovery process, even if relevancy is determined.")

When the defendants issued a subpoena to a fact witness taking video during the protest at issue, the Court was skeptical in reviewing that subpoena, stating there was potentially a harassing element.  The court explained that was because the non-party was a plaintiff in another lawsuit where discovery was going on.  Exhibit E, p. 19: 2-6.  The Court also noted several separate points that raised its concerns including: a) that the other lawsuit was being vigorously litigated; b) that statements made by the non-party could be used in another case and; c) that there was common counsel.  See Ex E, p. 22:4-24:7.[3]

Unfortunately, plaintiff's counsel has explicitly abused the discovery process here in the same ways the Court described as harassing and improper at that August 3, 2016

---

[2] Defendants note that the language in the subpoena attached as Exhibit C has been edited to clarify that only material taken on the property and the surrounding sidewalk of 4 NY Plaza is sought.

[3] The Court also noted that the discussion considered both what the non-party witnessed and filmed as a concern. However, defendants' prior application on that matter dated July 28, 2016 explicitly called the non-party a "fact witness," and even provided a photo of her standing in the middle of the incident.

conference. On May 27, 2016, by ECF only Order, the Court denied defendants' objections and applications regarding plaintiff's proposed 30(b)(6) depositions. Plaintiff subsequently took a 30(b)(6) deposition of Sgt. Cox on June 23, 2016. Plaintiff provided the transcript to defendants on July 20, 2016. Less than two days later, by July 22, 2016, plaintiff's counsel attempted to use the 30(b)(6) deposition taken by this Court's order in another action with common counsel, which was being vigorously litigated, involving a common defendant. See Exhibit F, plaintiff's application in 14 cv 8624 (VSB).

Defendants opposed the application noting that plaintiff's counsel in this action in fact has a history of seeking 30(b)(6) depositions for use in other cases. See Exhibit G p.1-2; fn. 1. Tellingly, here plaintiff's counsel in this case took a lengthy 30(b)(6) deposition of Sgt. Cox seeking testimony on legal issues, but declined to ask questions relating to Trespass, the central charge in this action. Counsel also spent significant time obtaining testimony on 240.20(5), blocking pedestrian and vehicular traffic, a charge which is not at issue here. More troublingly is that this is not the first time plaintiff's counsel has engaged in the same sort of harassing and improper discovery that this Court warned about and sought leave to take 30(b)(6) testimony that is irrelevant to the instant matter, apparently hoping to apply it in another pending case.[4]

Per plaintiff's recently filed application to extend discovery, docket entry [115], his purpose in seeking this overbroad five point list of documents is to determine if the NYPD had notice of the planned protest, because "a reasonable police supervisor would be able to learn whether the location [] contained any [POPS] that would make the crime or offense of trespass inapplicable." First, there is no dispute that the NYPD had notice of the planned protest. Second, plaintiff is seeking the answer to a legal question -that has been answered by Courts in this very district - and one that counsel already knows the answer to. Defendants cite again the Honorable Richard Berman clarifying to plaintiff's counsel that he is raising a legal issue, not a factual one. Aug. 10, 2016 Conference, p. 9:15-25. Plaintiff's legal question has also been decisively answered by the District Court previously:

> By telling the plaintiffs to leave, the security guard withdrew plaintiffs' permission to stay; when the plaintiffs then stayed anyway, they committed trespass, regardless of how the [POPS] rules might otherwise be interpreted. Furthermore, even if the plaintiffs were not violating [POPS] rules, even if the security guard somehow lacked authority to tell plaintiffs to leave, and even if the security guard had never even told the plaintiffs to leave, the police were nevertheless entitled to rely on the security guard's representation that the plaintiffs were trespassing by remaining in the [POPS] without permission.

---

[4] Defendants note plaintiff's counsel engaged in the same conduct with fact witnesses, e.g. at the October 6, 2016 deposition of Chief Anger in this case, plaintiff's counsel was inquiring about a permitted super-bowl related street closure. This is another argument which is irrelevant to this case that plaintiff's counsel raised in Mediavilla and which was subsequently rejected by the Court. See Mediavilla v. City of New York, et. al., 14 cv 8624 (VSB), docket entry [91] p. 39-40. It also bears noting, and speaks to plaintiff's harassment, that Chief Anger was also a defendant in the Mediavilla case.

Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515, at *10-11 (S.D.N.Y. Feb. 24, 2014).  As plaintiff's basis for his overbroad, irrelevant, late subpoena is to resolve an already answered legal question it should be denied in its entirety.

   Finally, plaintiff's subpoena should be denied as it is not relevant and not proportional to the needs of this case. As this Court is aware, under Fed R. Civ. P. 26(b)(1), a party is entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." See Bertolino v. City of New York, et al., 15-cv-7327 (RJS), ECF No. 44, pg. 2. (Citing Fed. R. Civ. P. 26(b)(1)). Here, plaintiff seeks documents from "LMSI" as he notes that these documents will show whether "[a] reasonable police supervisor with notice of a planned demonstration would be able to learn whether the location of the planned event contained any privately owned public space that would make the crime or offense of trespass inapplicable". (See Pl's letter dated October 7, 2016, pg. 4, ECF No. 115). First, plaintiff's fishing expedition lacks importance in resolving the issues of this case and the burden of the proposed discovery outweighs any likely benefit.

   Courts in this circuit have found that the charge of trespass is very much applicable to privately owned public spaces and have found probable cause even when the trespassers were arguably engaged in a political demonstration. See Thimmesch v. City of New York, 2013 U.S. Dist. LEXIS 53587, at *4 (S.D.N.Y. Apr. 9, 2013) (noting reasonable officers could believe plaintiff was committing trespass despite the property being "at all relevant times…[a] privately owned public space"); People v. Nunez, 36 Misc. 3d 172, 943 N.Y.S.2d 857, 861 (N.Y. Crim. Ct. 2012) (same); Lebowitz v. City of New York, 2014 U.S. Dist. LEXIS 25515 (S.D.N.Y. Feb. 24, 2014) (same). Therefore, whether a "reasonable police supervisor" was aware of a section of 4 NY Plaza being designated as a "POPS" is irrelevant, his subpoena is overbroad, and not proportional to plaintiff's claims in this action.

   Thank you for your consideration.

              Sincerely,

              _____/s/_____
              Andrew Lucas
              Senior Counsel
              Special Federal Litigation Division