**WYLIE M. STECKLOW**

**STECKLOW & THOMPSON**

WWW.LAWYERSFORTHERESTOFUS.COM

217 CENTRE ST. FL. 6
NEW YORK, NY 10013
T(212) 566-8000
F(212) 202-4952
WYLIE@SCTLAW.NYC

October 14, 2016

**VIA ECF**

Hon. Debra C. Freeman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re: <u>Gershkovich v. Iocco, et al 15CV7280 (RMB)(DCF)</u>

Dear Magistrate Judge Freeman:

By letter dated October 7, 2016, I wrote Judge Berman to request that the discovery scheduled to close on October 11, 2016, be kept open for the following limited purposes: (i) for plaintiff to conduct he deposition of James Klein, (ii) for plaintiff to conduct a Rule 30(b)(6) deposition of District Attorney's Office of New York (the "DA's Office"); and (iii) the response to the LMSI subpoena (which this court reviewed Docket 119). On October 11, 2016, the parties appeared before Judge Berman.  In pressing for the depositions, I shared with Judge Berman that the information that led to the need for these two depositions was not uncovered until after the near seventy (70) day delay of the defense in regards to the C.P.L. 160.50 protocol established by this Court (Docket #80). Ultimately, Judge Berman referred the matters to Your Honor for resolution.  (Exhibit A transcript).

**The Deposition of James Klein**

On the date of Plaintiff's arrest, James Klein was the head of security at 4 New York Plaza.  Mr. Klein executed at least three supporting depositions related to the criminal prosecution of the Plaintiff and other arrested individuals.

The supporting depositions signed by Mr. Klein are virtually the same.  By the markings on the top of each one, it seems that they were all faxed together on 9/2012 at 3:04pm (See Exhibit B).   The three criminal complaints  (See Exhibit C), which these supporting depositions converted from hearsay to an official accusatory instrument, are mostly the same except for one important fact.  The Gershkovich and Brown/Ross criminal complaints set out (i) that an NYPD officer saw Mr. Klein give warning announcements to the specifically charged defendants in those two complaints, and (ii) that Mr. Klein was a custodian of the building and as such knows that the individual defendants did not have permission to be in the building.  The Cramer criminal

complaint, however, sets out quite distinctly (i) that the arresting officer heard a member of the NYPD make these announcements and (quite similarly) (ii) that Mr. Klein was a custodian of the building and as such knows that the individual defendants did not have permission to be in the building.

Mr. Cramer went to trial in September 2013 – Mr. Gershkovich and the remaining arrestees each accepted ACDs. At Mr. Cramer's trial, the prosecution called PO Russell (also Plaintiff's arresting officer) and Mr. Klein. Each of these prosecution witnesses testified consistent with the criminal complaint, that a white shirt supervising officer made announcements, not Mr. Klein. (See Exhibit D, relevant pages from the Cramer trial transcript).

Mr. Klein never met with any representative of the DA's Office before executing the supporting depositions that confirm inconsistent allegations in distinct criminal complaints.[1] Exhibit E are pages from the DA's Office's files for these three criminal prosecutions. The DA data sheets prove that none of the ADAs writing up each of these three complaints spoke with Mr. Klein.[2] Moreover, the communication notes for each of these criminal complaints indicates that a non-attorney clerk received Mr. Klein's email and sent him a corrob[3] cover letter and corrob to execute. (See Exhibit F) There is no indication that anyone spoke to Mr. Klein about the case, provided any photographs of the defendants to Mr. Klein for identification, or even shared the underlying criminal complaints with Mr. Klein. As this Court knows, all along, Plaintiff has claimed he was wrongfully arrested and charged with trespass inside 4 New York Plaza because HE WAS NEVER INSIDE 4 New York Plaza. The sole remaining evidence relied upon by the defense to place the plaintiff inside the building is the supporting deposition of Mr. Klein.

Most of the DA Office documents that set out these inconsistencies were unavailable until after the defense provided four names to my office on September 1, 2016. At that point, I began to contact these four individuals with the hope that they would provide me with a 160.50 authorization.

For these reasons, Mr. Klein's deposition is important. As this court knows, we served Mr. Klein with a deposition notice at his last work address on August 3, 2016, but Mr. Klein did not appear for the noticed deposition of August 16. After seeking a court

---

[1] In a September 12, 2016 letter to this Court, the New York City Law Department misrepresented that Mr. "Klein met with prosecutors from the District Attorney's Office after Plaintiff's arrest." (Docket 107, page 2-3).

[2] On the second page of each DA Data Sheet, under civilian witness, it identifies Jim Klein and under contacted, indicates NO.

[3] The term supporting deposition is used interchangeably in the criminal courts with corrob or corroborating affidavit. Each of these terms are more colloquial than technical, as the document is not sworn to and quite often, as in this case, is a facsimile and not an original.

remedy to declare Mr. Klein unavailable (denied September 20, 2016), we subpoenaed his last employer and obtained his last known address on or about September 22, 2016. Within two days we served Mr. Klein with a subpoena seeking his deposition. Thereafter, I received a phone call from Mrs. Klein, who informed me that Mr. Klein was struck by a vehicle in January 2014, and that his memory has been severely impacted.[4] Through various communications, Mrs. Klein has maintained that a deposition of her husband would be a huge waste of everyone's time; however, she is willing to allow a brief deposition to go forward at the Klein home in Queens.  We had originally hoped to conduct the deposition the week of October 17, 2016.  Given Judge Berman's referral, we will have to reschedule it, if permitted.

**The DA's Office**

Once I received 160.50 authorizations for four of the other arrested individuals, I submitted the authorizations to the DA's Office along with a subpoena for documents.  I began working with ADA Robin McCabe on the production of specific documents, and on a Rule 30(b)(6) deposition (See Exhibit G deposition notice).  While the DA's Office DANY believes that the City defendants should stipulate that its documents are admissible, the documents do not speak for themselves.  We need to have an appropriate representative of the DA's Office interpret them for us.  Accordingly, we seek what we anticipate to be a short deposition of a DA Office representative who can interpret the documents produced to us in response to the subpoena and authorizations.  We will not seek to intrude upon attorney work product information.  As the Court can see from the annexed correspondence, the DA's Office opposes our efforts to conduct the deposition. (See Exhibit H).

For the foregoing reasons, I submit that plaintiff should be permitted to conduct the deposition of James Klein, and to set a briefing schedule for the DA's Office to file a motion to quash the deposition notice or identify a witness to appear for deposition by a date certain.

Thank you for your consideration of these matters.

                                        Respectfully submitted,

                                        --/s/--
                                        Wylie M. Stecklow

cc:    ACC Lucas (VIA ECF)
        ADA Robin McCabe (Via Email)

---

[4] I have reviewed the bill of particulars in *Klein v. Cotsalas*, 003687/14 (Sup. Ct., Nassau Co.), It indicates Mr. Klein was in a coma and underwent more than five surgical procedures in January 2014. "6. The plaintiff, JAMES KLEIN, suffered the following injuries as a result of this accident: Traumatic Brain Injury, Coma, Subarachnoid hemorrhage, Intraventricular hemorrhage, Diffuse axonal injury, Intracranial hypertension, Insertion of right frontal pressure monitor."