USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEX GERSKOVICH,

                       Plaintiff,

-against-

NYPD CAPTAIN MARK IOCCO, *et al.*,

                       Defendants.

15cv07280 (RMB) (DF)

**ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

After a case-management conference conducted by the Honorable Richard M. Berman, U.S.D.J., on October 11, 2016 (*see* Dkt. 125 (Transcript)), at which – despite the close of discovery – Judge Berman afforded Plaintiff the opportunity to return to this Court to make two final discovery applications, Plaintiff has now written to this Court requesting (1) leave to conduct a short deposition of non-party witness James Klein ("Klein"), and (2) leave to seek a deposition of a representative of the District Attorney's Office, regarding certain documents that have been produced by that Office (Dkt. 127). Defendants have opposed both requests. (Dkt. 130.) Having considered Plaintiff's applications, and in light of the history of discovery in this case, with which this Court is well familiar, Plaintiff's application for additional discovery is denied.

### **Klein Deposition**

It appears that Plaintiff has known of the role purportedly played by Klein from the outset of this case. Certainly, Plaintiff's Amended Complaint, dated March 11, 2016, includes express allegations regarding conduct attributed by defendant NYPD Captain Mark Iocco ("Iocco") to Klein. (*See* Amended Complaint ¶ 10 (alleging that Iocco, in a criminal complaint against Plaintiff, falsely swore that he had observed Klein telling Plaintiff to leave the building or be

arrested for trespassing)).) Yet, even though Plaintiff informed the Court back on May 17, 2016 that he only anticipated taking one or two additional depositions, and believed, at that time, that another 60 days would be sufficient to complete discovery (*see* Dkt. 74, at 2; *see also* Dkt. 85 (confirming, on June 16, 2016, that the parties were "on course for the close of discovery on or about July 16, 2016")), it appears that Plaintiff – who now offers no good cause for this delay – did not even attempt to subpoena Klein for deposition until August 3, 2016.

Moreover, both counsel have now reported to the Court that, to the best of their knowledge, Klein is incapacitated – with Plaintiff's counsel reporting his understandings that Klein is "immobile," "incontinent," and suffering from "severely impacted" memory as the result of a traumatic brain injury (*see* Dkts. 113, at 2; 127, at 3), and with Defendant's counsel stating that Klein "apparently has no memory after a devastating personal injury" (Dkt. 130, at 2). In fact, in a conference before Judge Berman on August 10, 2016, Plaintiff's counsel conceded that, even though Plaintiff had subpoenaed Klein for deposition, counsel "[did not] believe James Klein has a personal memory of [the relevant facts]." (Dkt. 110, at 10.)

While there may be circumstances where allowing discovery outside a discovery cut-off is warranted, here the discovery deadline had been extended repeatedly, and, if this witness is as important to Plaintiff's case as Plaintiff now tries to suggest, then one would have expected him to pursue the deposition months ago. Further, Klein's apparent condition weighs against allowing this untimely discovery. Plaintiff seeks leave to depose Klein at his home, apparently at his bedside, and this Court does not find that reopening discovery to allow such a personally intrusive deposition of a non-party witness – whom neither side apparently believes is competent to testify – would be justified.

### Deposition of Custodian of District Attorney's Office Records

While this Court has not previously ruled on the precise question now presented (*i.e.*, whether Plaintiff should be permitted to reopen discovery so as to depose a representative of the District Attorney's Office, with regard to documents obtained by Plaintiff from that Office), this Court notes that it has already twice denied Plaintiff's requests for a Court-ordered subpoena to compel the production of the very types of criminal records at issue. (*See* Dkts. 105, 112.)

Moreover, although Plaintiff now asserts that it is necessary to depose an individual who can "interpret" the documents (Dkt. 127, at 3), Plaintiff has not pointed this Court to any relevant statements in any of the documents that require "interpretation." This Court additionally notes that the deposition subpoena apparently served by Plaintiff did not actually seek interpretive testimony, but rather seemed geared to seeking authentication of the documents. (*See* Dkt. 127-7 (subpoena with deposition notice, describing the witness to be produced as "the custodian of records or other person competent to testify to the custody, possession and control of the [requested] documents," and that "the matter on which the examination is requested relates to the custody, possession and control of the documents . . .").) Plaintiff has made no showing that Defendants have refused to stipulate to the authenticity of the documents, if they are otherwise found admissible.

Discovery in this action is closed.

Dated: New York, New York
      October 26, 2016

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:
All counsel (via ECF)