**WYLIE M. STECKLOW**                         WWW.LAWYERSFORTHERESTOFUS.COM
**STECKLOW & THOMPSON**                       217 CENTRE ST. FL. 6
                                              NEW YORK, NY 10013
                                              T(212) 566-8000
                                              F(212) 202-4952
                                              WYLIE@SCTLAW.NYC

                                              August 1, 2017

VIA ECF
Hon. Debra Freeman
Chief United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Gershkovich v. Iocco*
           15 Civ. 7280 (RMB) (DCF)

Dear Chief Magistrate Judge Freeman:

      I write in advance of the court conference scheduled for August 4, to request **that the defendants be required to appear with a representative of the City of New York Comptroller's Office at the August 4th conference. We make this request because, based on settlement negotiations to date, the presence of someone with ultimate settlement authority represents the parties' best opportunity to get to yes.**

      During our call last week, the Court directed the parties to make efforts to settle the plaintiff's claim, and to come to Friday's settlement conference focused with the goal of resolving the issue of plaintiff's attorney fees. That same day the parties made progress in settling the plaintiff's claims, with each side making movement on their respective demand and offer. Unfortunately, since that conversation Ms. Goykadosh has insisted upon a global settlement demand.

      Ms. Goykadosh and I have had multiple telephone conferences seeking to work together to move the settlement forward on the defendants' terms. I have explained to Ms. Goykadosh that, while in many respects the "global settlement" position is one of semantics, any settlement agreement must provide for separate awards to Mr. Gershkovich and his attorneys. We have provided language from a 1983 settlement agreement handled by my co-counsel, Mr. Korenbaum, that referenced the agreed upon settlement amount, and which specified which amounts represented damages to the

1

plaintiff, and which amounts represented costs and fees to Mr. Korenbaum.  I also told Ms. Goykadosh that we were not wedded to any particular language as long as the settlement agreement contains language addressing our concerns.  Ms. Goykadosh did not provide me with a firm commitment.  However, based upon her representation that the City was amendable to making separate payments to the plaintiff and his counsel, we conveyed a global settlement demand.

I am not optimistic that Ms. Goykadosh will be able to abide by her latest representation.  I do not believe that Ms. Goykadosh has sufficient authority to resolve this matter globally, or will have direct communication with an ultimate decision maker.  The City's reluctance to agree to separate payments is baffling.  In fact, Mr. Korenbaum and I are at a loss regarding why the Law Department cares how the plaintiff and his counsel characterize settlement proceeds, or who receives what amongst plaintiff and his counsel – there is no wage claim, and no excessive force claim, so the tax implications to the City are the same regardless of who receives what.  For these reasons, among others, we believe that a person from the Comptroller's Office should be present on Friday so that, sufficient movement from both sides can be possible and assuming we can agree on numbers, a final settlement can be achieved.

Yesterday, I informed Ms. Goykadosh that we would be making this request.  She informed me of her intent to adjourn the conference due to the unavailability of ACC Dara Weiss.  If the Court adjourns the conference, we request that a member of the Comptroller's Office be required to attend any subsequent settlement conference.

Thank you for your consideration of this matter.

                        Respectfully submitted,

                        --/s/--

                        Wylie Stecklow

cc: All counsel (by ECF)